**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DURHAM** | ) | **CASE NO. 1:20-cv-1138** |
| | ) | |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARK K. WILLIAMS,** | ) | <u>**OPINION & ORDER**</u> |
| | ) | |
| **Respondent.** | | |

Before the Court is *pro se* Petitioner John Durham's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. **Doc #: 1.** For the following reasons, Durham's petition is **DENIED**.

I.      Standard of Review

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition "'is appropriate for claims challenging the execution or manner in which [a prisoner's] sentence is served.'" *Wilson v. Williams*, No. 4:20-CV-00794, 2020 U.S. Dist. LEXIS 70674, at *13–14 (N.D. Ohio Apr. 22, 2020), *vacated on other grounds*, 961 F.3d 829 (6th Cir. 2020) (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A district court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The

principle of liberal construction generally afforded *pro se* pleadings applies to petitions for a writ of habeas corpus. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

II.      Analysis

In his petition, Durham alleges that his confinement at FCI Elkton during the COVID-19 pandemic violates his Eighth Amendment right to be free from cruel and unusual punishment due to the unreasonable risk to his health and safety. *See* Doc #: 1 at 4. While Durham does not identify his specific health problems that render him especially vulnerable to COVID-19 in his habeas petition, he has elsewhere indicated that he suffers from a number of different conditions. *See* Doc #: 9 at 3. Durham concludes that "[t]he only effective approach is … release to home confinement." *Id.* at 4.

To the extent that Durham seeks release on the grounds that he is vulnerable to COVID-19, his claim under § 2241 is duplicative of that currently being litigated in this district by a class of FCI Elkton prisoners. *See Wilson*, 2020 U.S. Dist. LEXIS 70674, at *2. The judicial officer in that case has certified a subclass of Elkton inmates seeking release under § 2241 to home confinement, parole, or halfway houses due to the COVID-19 epidemic. *Id.* at *13–14. The subclass encompasses "those identified by the CDC as being at higher risk" of complications from COVID-19. *See id.* at *15 (citing Coronavirus Disease 2019: People Who Are At Higher Risk, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html).

It appears from Durham's description of his medical history that he is included as part of the subclass. Durham has several conditions that the CDC currently indicates place an individual at an increased risk of severe illness from COVID, including obesity and polycythemia vera, a

form of blood cancer. *See* Doc #: 8 at 1; Doc #: 9 at 3.[1] He also seeks the same relief in the form of home confinement as is being sought by the subclass. As a result, Durham's claim must be dismissed without prejudice as being duplicative of the § 2241 claim brought in the related litigation. *See Evans v. Williams*, No. 4:20 CV 1415, 2020 U.S. Dist. LEXIS 119397, at *2-3 (N.D. Ohio July 8, 2020) (dismissing as duplicative the habeas petition of Elkton inmate claiming to be medically vulnerable to COVID-19); *see also Davis v. U.S. Parole Com'n*, 870 F.2d 657 (6th Cir. 1989) (permitting a district court to dismiss a habeas petition as duplicative where the petition is "essentially the same" as a previously-filed pending petition); *Christy v. Lafler*, No. CIV. 05CV74560DT, 2005 U.S. Dist. LEXIS 38461, *2–3 (E.D. Mich. Dec. 19, 2005) (dismissing habeas petition as duplicative where an earlier filed petition and later filed petition seek the same relief).

Even if Durham were not a member of the subclass, his § 2241 claim also fails on its merits because he cannot demonstrate that his Eight Amendment rights have been violated. A prisoner alleging that conditions of confinement during the COVID pandemic violate his Eighth Amendment rights must show that a prison official has displayed "'deliberate indifference' to a substantial risk of serious harm." *Wilson*, 961 F.3d at 839 (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). A prisoner establishes this deliberate indifference by showing that his conditions of confinement posed an objective risk of serious harm and that the prison officer knew of but disregarded this risk. *Id.* (citing *Farmer*, 511 U.S. at 834–44).

The Sixth Circuit has determined that prisoners confined in FCI Elkton cannot demonstrate deliberate indifference to the COVID-19 outbreak. *See Wilson*, 961 F.3d at 840–41.

---

[1] *See* People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 28, 2020).
.

Although the severity of the COVID-19 outbreak at Elkton satisfied the first prong of an objective risk, prison officials "responded reasonably" to that risk by expanding testing, improving cleaning and disinfecting procedures, and instituting quarantines. *Id.* at 841. While these efforts could not prevent FCI Elkton from experiencing any cases of COVID-19, they have proven successful at curtailing the outbreak.[2] Durham himself acknowledges that prison officials have instituted testing and quarantine protocols, required inmates to wear masks, and increased the use of sanitizing sprays among other steps. *See* Doc #: 1 at 2; Doc #: 8 at 1–2; Doc #: 10 at 1–2. Because there was no deliberate indifference to the medical needs of Durham or other inmates at FCI Elkton, there is no basis for his Eighth Amendment claim, and so his habeas petition must be denied.

III.    Conclusion

For the foregoing reasons, Durham's Motion, **Doc #: 1**, is **DENIED**.


**IT IS SO ORDERED.**

      /s/Dan A. Polster     *August 28, 2020*
**Dan Aaron Polster**
**United States District Judge**

---

[2] As of August 28, 2020, FCI Elkton reports that only three inmates and two staff currently test positive for COVID-19.**Error! Main Document Only.** *See* COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited August 28, 2020).